**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DANIEL HOLLIDAY,** | ) CASE NO. 1:17 CV 1193 |
| Plaintiff, | ) JUDGE DAN AARON POLSTER |
| vs. | ) OPINION AND ORDER |
| **CITY OF BAY VILLAGE SERVICE DEPARTMENT,** | ) |
| Defendant. | ) |

Before the Court is a Motion to Dismiss filed by Defendant, City of Bay Village Service Department ("Motion"). (**Doc #: 16**.) The City asks the Court to dismiss the case for insufficient process and insufficient service of process under Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure. For the following reasons, the Court **DENIES** the Motion.

**I.**

On or about March 21, 2016, Plaintiff Daniel Holliday filed an administrative complaint with the EEOC alleging that his then-employer, Defendant City of Bay Village Service Department discriminated against him for failing to promote him from a part-time to a full-time position based on his hearing impairment. On March 20, 2017, he received the EEOC's Right-to-Sue notice. (Doc #: 8-1.) The EEOC reported that, based on its investigation, it was unable to conclude that the information obtained established a violation of the discrimination statutes. (Id. at 1.) The EEOC also stated that it did not certify that the City was in compliance with the discrimination statutes. (Id.) Finally, the EEOC notified Holliday that should he wish to file a

lawsuit against the City in federal or state court, he must do so within 90 days of receipt of the notice. (Id.)

On June 7, 2017, Holliday, representing himself, timely filed a form "Complaint for Employment Discrimination." (Doc #: 1); Fed. R. Civ. P. 3. Therein, Holliday asserted that he brought the case under the Americans with Disabilities Act, 29 U.S.C. § 621 to 634 ("ADA"); that his disability is impaired hearing; that his employer failed to hire or promote him because he was hearing impaired; and that his employer was still discriminating against him. In the paragraph of the form Complaint asking him to "[s]tate briefly and precisely what damages or other relief the plaintiff asks the court to order," he responded:

> Daniel worked for the City of Bay Village Service department for 10 years as seasonal. He sought full time employment and was not promoted 3+ times. Individuals that were hired over him were friends of family, and family members that were already employed by the Service department. We seek to justify if any of the employees that were hired over Daniel did in fact have more qualifications than Daniel. And that they currently do jobs and tasks that were listed as being duties Daniel was said to be not qualified for.
>
> Daniel took a picture of job duties and qualification[s] that were posted 8/28/15 for the Specialist II position. All of which we feel he was qualified for. Also, in previous hires if they did not have qualifications they were trained on the job.

(Doc #: 1 at 5-6.)

The record shows that Holliday did not file a Civil Cover Sheet, the form that tells the Clerk's Office whether or not the case is related to another pending case or is the refiling of a closed case. Consequently, the Clerk's Office mailed a form Civil Cover Sheet to Holliday on June 7, 2017, which he promptly returned with the necessary information on June 14, 2017. (Doc #: 2.) On June 14, 2017, the Clerk's Office returned his check for $350 due to the incorrect filing fee, and he mailed a check with the correct filing fee of $400 to the Clerk of Court less than

-2-

one week later. (See Non-Doc Entry of 6/22/17.) On June 22, 2017, the Clerk's Office mailed a Magistrate Consent Form to Holliday and, four days later, he filed the form consenting to the exercise of jurisdiction by the Magistrate Judge. (Doc #: 4.)

Nearly six months later, on December 6, 2017, the Court issued an Order with a docket entry summarizing the contents of the Order:

> Plaintiff shall have until January 7, 2018 to amend his Complaint to set forth a cognizable federal claim for relief. Plaintiff is notified that if a legally sufficient amended Complaint is not filed within the time permitted, this action will be dismissed. Furthermore, Plaintiff is reminded that he is responsible for having the Summons, and Amended Complaint served on the Defendant within the time allowed by Rule 4(m) of the Federal Rules of Civil Procedure and in accordance with the procedure described in Rule 4(j) of the Federal Rules of Civil Procedure. Failure to perfect service on the Defendant in a timely manner will result in dismissal of the Complaint.

(Doc #: 5 docket entry.) On January 3, 2018, Attorney Michael Harvey filed a Motion for Enlargement of Time stating that, in attempting to comply with the Court's order, Holliday had reached out to him and asked for assistance. (Doc #: 6.) Counsel asked for an extension to January 26, 2018 to review the EEOC filings, the Right-to-Sue notice, and the case in general to determine what, if anything, should be filed to comply with the Court's Order. (Id.) The Court granted the Motion. On January 25, 2018, Attorney Harvey filed a Motion for One Last Enlargement of Time to File an Amended Complaint. (Doc #: 7.) Counsel stated that he was unable to actually meet with Holliday until recently due to his work schedule, and he needed more information and time "to help Holliday decide what it is he hoped to accomplish in federal court and to make a decision that was most prudent under the circumstances." (Id. at 2.) The Court granted an extension through February 9, 2018.

On February 9, 2018, Holliday, now represented by Attorney Harvey, filed an Amended Complaint and a Supplemental Civil Cover Sheet. (Doc #: 8.) The Amended Complaint alleges that Daniel Holliday worked as a part-time employee of the Bay Village Service Department for approximately 10 years hoping for an opportunity to be hired full-time. During his employment, three full-time positions were posted for which he was qualified and he applied for all of them. The Service Department, in return, did not extend him a single interview. Despite his hearing impairment, Holliday became a permanent part-time employee of the Service Department in 2013 and was in charge of seasonal workers. He was neither prohibited nor restricted from doing any of the jobs that other Service Department employees do, and he received a pay increase. Holliday says he was targeted by the Safety Service Director's son, Donnie Landers, who harassed, tormented and embarrassed him due to his hearing impairment, refused to provide minor accommodations for him in the field, and was instrumental in keeping Holliday from being interviewed or achieving full-time employment in the Service Department. Holliday asserts that nondisabled persons were hired for the full-time positions who either were no more qualified than Holliday, or had to be trained on the job.

On March 7, 2018, Holliday filed a Notice of Service stating that he served the Amended Complaint, the Civil Summons and the Magistrate Consent form on Defendant by U.S. Mail and email on March 7. (Doc #: 11.) On March 19, 2018, Holliday filed another Notice of Service stating that he served the Amended Complaint, Civil Summons and Magistrate Consent form on Defendant by certified mail and Federal Express on City of Bay Village, c/o Law Department and Fiscal Officer on March 19. (Doc #: 14.)

The next day, the City filed the pending Motion to Dismiss arguing that, because none of the procedural requirements of service of process were satisfied under Rule 4, and service was not attempted or perfected within 120 days from when Plaintiff filed the Complaint, the Court should dismiss this case in its entirety under Rules 12(b)(4) and 12(b)(5). *Engler v. Arnold*, No. 4:14 CV 2442, 2015 WL 4213642 (N.D. Ohio Jul. 10, 2015).

## II.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolf & Co., Ltd.*, 484 U.S. 97, 104 (1987). Rule 4 governs service of process.

> The first clause of Federal Rules of Civil Procedure 4(m) shows that a district court shall either (1) dismiss a complaint without prejudice, *or* (2) direct that service be made within a specified time, if a plaintiff fails to serve a summons and complaint within 120 days after filing the complaint. *Osborne v. First Union Nat. Bank of Delaware*, 217 F.R.D. 405, 406 (S.D.Ohio 2003). The second clause of Rule 4(m) states that a district court *shall* extend the time for service if a plaintiff demonstrates good cause for failing to comply with the 120 day time requirement. *Id.* A plain reading of these two clauses shows that a district court generally possesses the discretion to dismiss a complaint or to allow service to be perfected within a specified time, regardless of the absence of good cause, whenever a plaintiff fails to perfect service within 120 days after filing a complaint. *Id.* The second clause then removes a district court's discretion if a plaintiff establishes good cause for his failure to comply with the 120–day time limit. *Id.* Upon a showing of good cause, a district court shall extend the time for service. Further, the Supreme Court supports this reading of Rule 4(m). *See Henderson v. United States*, 517 U.S. 654, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996). The Supreme Court cited the Advisory Committee Notes on Federal Rules of Civil Procedure 4(m) in its interpretation of Rule 4(m), stating that Rule 4(m) permits a district court to enlarge the time for service "even if there is no good cause shown." *Id*. at 662.

*Greene v. Venatter*, No. 2:13CV345, 2014 WL 559154, at *2 (S.D. Ohio Feb. 11, 2014).[1] As

---

[1] The 120-day time period under Rule 4(m) was reduced to 90 days, effective December 1, 2015.

just noted, a plain reading of Rule 4(m) shows that a district court generally possesses the discretion to dismiss a complaint without prejudice or to allow service to be perfected within a specified time, regardless of the absence of good cause. *Id*.; *see also Jones v. Ahmed*, No. 1:14 CV 964, 2017 WL 3208613, at *2 (S.D. Ohio Jul. 27, 2017).

### III.

The record shows that Daniel Holliday timely filed his *pro se* Complaint. The record also shows that he responded expeditiously to the deficiencies pointed out by the Clerk's Office (i.e., Civil Cover Sheet, correct filing fee, magistrate consent form). The Court also notes that this case fell through the proverbial cracks when it stagnated on the Court's docket for nearly six months before the Court issued the December 6, 2017 Show Cause Order apprising Holliday of his substantive and procedural problems.

The record shows that, once apprised of these problems, Holliday contacted and retained counsel to help him respond properly to the Show Cause Order. The Court finds that the Amended Complaint was timely filed within the extended deadline and cured the substantive deficiencies.

Finally, the record shows that, prior to the filing of the Amended Complaint, Attorney Harvey emailed two letters to defense counsel and Bay Village Law Director, Gary Ebert, discussing Holliday's case in detail. In the January 23, 2018, letter, Attorney Harvey asked Law Director Ebert if he would send him a copy of the Position Statement the City filed in Holliday's EEOC case. (Doc #: 17-1.) (Apparently, the EEOC neither interviewed Holliday during the year his administrative charge was pending, nor sent him a copy of the City's Position Statement.) Law Director Ebert saw that a copy of the Position Statement was sent to Attorney Harvey. After

discussing the Position Statement with Holliday and his wife, Attorney Harvey emailed a second letter to Law Director Ebert on January 31, 2018. (Doc #: 17-3.) That 5-page letter responded in detail to the assertions the City made in its Position Statement regarding Holliday's alleged lack of qualifications for the three posted jobs. Attorney Harvey inquired whether the City, as a simple solution, would consider re-hiring Mr. Holliday for one of the jobs coming open in 2018 due to retirements. (Id. at 4.) If not, Attorney Harvey said he would have no choice but to file an Amended Complaint. (Id.) When he received no response, he filed the Amended Complaint.

The City cannot say it had no notice of this case once the Show Cause Order was issued and Attorney Harvey came on board to assist Mr. Holliday. Under the circumstances, the Court finds that Holliday has shown good cause for his failure to properly serve the City within the time allotted under Rule 4(m). Moreover, since Holliday timely filed the Amended Complaint and the City has clearly had notice of the case since January 2018, the Court sees no reason to dismiss the case without prejudice on procedural grounds. To do otherwise would elevate form over substance.[2]

### IV.

Based on the foregoing, the Court **DENIES** the pending Motion (**Doc #: 16**).

Furthermore, the Court **DIRECTS** Defendant to file an answer no later than the close of business on April 13, 2018.

**IT IS SO ORDERED.**

---

[2]To the extent that service is inadequate (which the Court cannot decipher from the briefs), the Court gives Holliday 30 days to perfect proper service of the Amended Complaint on the City of Bay Village.

-7-

*/s/ Dan A. Polster     March 30, 2018*
**Dan Aaron Polster**
**United States District Judge**