# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DANIEL HOLLIDAY, | ) CASE NO. 1:17-cv-1193 |
| Plaintiff, | ) |
| v. | ) JUDGE DAN AARON POLSTER |
| CITY OF BAY VILLAGE, | ) **OPINION & ORDER** |
| Defendant. | ) |

On October 30, 2018, Plaintiff Daniel Holliday filed the instant Motion for Partial Summary Judgment ("Motion"). Doc #: 73. Defendant City of Bay Village ("Bay Village") filed its Response on November 28, 2018. Doc #: 79. Holliday filed his Reply on December 4, 2018. Doc #: 81. For the following reasons, the Court **DENIES** Holliday's Motion.

Holliday has moved for summary judgment on all Bay Village's affirmative defenses, pursuant to Federal Rule of Civil Procedure 56(c). *Id.* at 1. Bay Village asserts the following nine affirmative defenses[1]:

1. The Court lacks jurisdiction over Bay Village due to lack of sufficient process.

2. The Court lacks jurisdiction over Bay Village due to lack of sufficient service of process.

3. Holliday's Amended Complaint fails to state a claim for which relief can be granted.

4. Holliday has failed to comply with one or more prerequisites necessary for an award of damages under O.R.C. § 4112.

5. Holliday's damages are subject to O.R.C. § 2315.18's statutory limit on damages.

---

[1] In its Response, Bay Village states that it will not pursue three of its affirmative defenses : (1) Holliday failed to name the proper party (Answer, ¶ 56); (2) Holliday's damages are caused by the acts or omissions of others over whom Bay Village has no control, no duty to control, and no opportunity to control (Answer, ¶ 57); and (3) Holliday's damages should be reduced pursuant to O.R.C. § 2315.20 (Answer, ¶ 59). Accordingly, Holliday's arguments as to these defenses are moot.

6. Pursuant to O.R.C. § 2315.21, Holliday is not entitled to punitive damages.

7. Holliday's punitive damages are limited by O.R.C. §2315.21.

8. If Holliday is entitled to pursue punitive damages, Bay Village is entitled to bifurcation of Holliday's demands for compensatory and punitive damages pursuant to O.R.C. § 2315.21.

9. Bay Village is entitled to add any additional defenses up through and including the trial of this matter, or as justice may permit or require.

Answer, ¶¶ 52-64.

Although Holliday seeks "summary judgment" on Bay Village's affirmative defenses, the Court finds that Holliday is actually seeking to strike Bay Village's responsive pleadings. In fact, Holliday cites nearly five pages of string citations regarding the standard for striking affirmative defenses. Reply at 3-7. "A motion for summary judgment is not the proper vehicle with which to test the legal sufficiency of a pleading." *Innovation Ventures, LLC v. Bhelliom Enterprises Corp.*, No. 09-13783, 2014 WL 4209578, at *5 (E.D. Mich. Aug. 26, 2014) (quoting *Dynasty Apparel Indus. Inc. v. Rentz*, 206 F.R.D. 603, 606 (S.D.Ohio 2002)). As such, the Court will treat Holliday's motion for summary judgment as a motion to strike.

Federal Rule of Civil Procedure 12(f) provides that, on motion of a party, the Court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. PRO 12(f). However, "federal courts across the country do not look favorably upon motions to strike affirmative defenses." *Sewell v. Allied Interstate, Inc.*, No. 3:10-CV-113, 2011 WL 32209, at *3 (E.D. Tenn. Jan. 5, 2011). This is because a motion to strike is a drastic remedy that should be used sparingly and only when the purposes of justice require. *Driving School Assoc. of Ohio v. Shipley*, 2006 W.L. 2667017, *1

(N.D.Ohio 2006) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953)). Additionally, Rule 12(f) requires that a party file its motion to strike within 21 days after being served with the pleading. FED. R. CIV. PRO 12(f)(2). Holliday's request to strike Bay Village's affirmative defenses comes over 6 months after Bay Village originally filed its answer, well outside the timeline provided by the Federal Rules of Civil Procedure. Thus, the Court finds that Holliday's Motion is time-barred. Accordingly, Holliday's Motion is **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster Dec. 6, 2018*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**